## Gerhard H. Hinrichs, Executor, Appellee, v. Consolidated Adjustment Company, Appellant.

### Gen. No. 13,945.

CONTRACTS—*when consideration does not fail.* The consideration for a contract does not fail so that it may be recovered back if the contract in question is in force and may ultimately be fulfilled by the party from whom such consideration is sought to be recovered.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed with finding of facts. Opinion filed December 4, 1908.

DELAVAN B. COLE, for appellant.

ROSENTHAL, KURZ & HIRSCHL, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

February 23, 1907, a judgment in assumpsit was recovered in the Circuit Court by appellee Alice L. Hinrichs against appellant for $187.97. The action was brought on the following contract:

"Series AA.                                    No. 17400.
           CONSOLIDATED ADJUSTMENT CO.
                    (Incorporated.)

Commission Rates:
    On adjustments of over
    $100.00, 10 per cent.
    On adjustments of over          Adjusters of claims
    $25.00 to $100, in-             of Every Description
    clusive, 15 per cent.          Everywhere.
    On adjustments of $25.00
    or less, 25 per cent.

           LAW LOANS AND ADJUSTMENTS,
              79 Dearborn St., Chicago.

This certifies that G. H. Hendricks, Agt. of Los Angeles, California, paid the Consolidated Adjustment

Co. $187.97 for a three year servitude from this date, with all benefits and privileges of its business system in its various departments, and The Consolidated Adjustment Co. agrees to promptly and faithfully prosecute any and all claims listed with it for adjustment under terms of this contract.

GUARANTEE.

This company agrees to recover in cash or secured net settlements from the claims of the above client at least $497.92 within and under the terms of the above contract; or to refund the full initial fee paid, reserving the right to cancel the contract, refund the initial fee and surrender the claims of the above client, at any time after six months from this date; or to continue such service beyond the term first in this instrument mentioned, and until said last mentioned sum shall have been so recovered, without additional cost to the above client, except commissions on adjustments effected, on said claims or any additional claims in favor of said client, which may be forwarded.

Received of G. H. Hendricks ($187.97) One Hundred Eighty-seven 97/100 Dollars as payment in full on a three year $497.92 contract and guarantee from Aug. 8, 1903, to Aug 8, 1906.

Dated August 1, 1903.

Consolidated Adjustment Co.<br>
By J. A. PATTEN,<br>
Agent.

NOTE. This contract to be valid must have a coupon attached at time of issue which must correspond in every particular with terms of contract and guarantee to be signed by client and mailed direct to Chicago Office.

(The printed terms and conditions of this contract are not subject to any change or modification whatever.)

This company agrees to at all times confine its process within the limits of the law.

This contract to be issued for a period of not less than three years."

The record shows that some time after the contract was executed, appellant received for collection a mem-

orandum of a note against Frank M. Bradshaw for $9,000. Bradshaw was a brother-in-law of appellee and had borrowed from her that amount of money and had given his note therefor. The original note was retained by appellee and was never given to appellant.

After some effort appellant located Bradshaw in New York, and placed the claim in the hands of its attorneys there for collection. They reported that Bradshaw was of doubtful financial standing, and they had been unable to learn anything definite concerning his business. They advised placing the claim in judgment and asked a remittance of $25 to cover costs. They also advised that it would be necessary to procure a bond in the sum of $250 as security for costs. Appellee was notified of these facts, and that inasmuch as the claim would soon outlaw, it would be advisable to put the same in judgment, and appellant requested appellee to forward costs and send the original note to appellant and arrange for cost bond.

Appellee replied to appellant's letter that she did not care to place the note in judgment, and refused to forward the original note to appellant. She requested appellant to cancel the contract upon payment for services rendered. Appellant refused to cancel the contract and insisted upon reducing the claim to judgment.

On June 10, 1905, appellant again wrote to appellee, urging her to forward the note and provide for placing the claim in judgment, and that if appellee would assist in that regard it expected ultimately to recover at least the amount of the guaranty, mentioned in the contract. Before anything further could be done Bradshaw left New York and went to Mexico, where appellant succeeded in locating him. A letter from Bradshaw to appellant states that he was located at the city of Juanajuato, and that he expected to realize large profits from a mining deal in which he was interested. No other claims were filed with appellant; and appellant being unable to make any progress in

collecting the note during the three year period notified appellee of its election to continue the service under the contract beyond the three year period. Appellant has continued its service since the expiration of three years, and was actively engaged in the prosecution of the claim when this suit was brought to recover the initial fee of $187.97 paid by appellee to appellant.

Upon a consideration of the evidence in the record we are of opinion that it fails to show a breach of the agreement on the part of appellant, and therefore fails to show a right of recovery by appellee. The evidence shows that the appellant exercised the option "to continue such service beyond the term first in this instrument mentioned, and until said last mentioned sum (497.92) shall have been recovered, without additional cost to the above client, except commissions on adjustments effected", etc. The contract is therefore in full force and appellee is not entitled to recover the initial fee paid by her to appellant.

The judgment of the Circuit Court is reversed with a finding of facts.

*Reversed with finding of facts.*