Standard Distilling Company, Plaintiff in Error, v. Consolidated Adjustment Company, Defendant in Error.

Gen. No. 15,278.

CONTRACTS—*right to elect as to alternative promises.* Where a promise in a contract is in the alternative, as in a certain contingency to do one thing or another, the right of election is in the promisor.

Action of contract. Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 20, 1910.

GARDNER, STERN & ANDERSON, for plaintiff in error.

DELAVAN B. COLE, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

January 14, 1905, defendant delivered to plaintiff and plaintiff accepted a certain written instrument signed by defendant, the material portions of which are as follows:

"This certifies that The Standard Distilling Co. of Cincinnati, Ohio, paid the Consolidated Adjustment Co. $350.00 for a three year service from this date, with all benefits and privileges of its business system in its various departments, and The Consolidated Adjustment Co. agrees to promptly and faithfully prosecute any and all claims listed with it for adjustment under terms of this contract.

### GUARANTEE.

This Company agrees to recover in cash or secure net settlement from the claims of the above client at least $1,000.00 within and under the terms of the above contract; or to refund the full initial fee paid, reserving the right to cancel the contract, refund the initial fee and surrender the claims of the above client at any time after six months from this date, or to continue such service beyond the term first in this instrument mentioned, and until said last mentioned sum shall have been so recovered, without additional cost to the above client, except commissions on adjustments effected, on said claims or any additional claims in favor of said client, which may be forwarded.   *   *   *   *

Cost of contract,............$  350.00
    Claims forwarded,..................$
Amt. Contract for........ $35,000.00
    Service credit on..................$
        *   *   *   *   *

Received of the Standard Distilling Co. ($350.00) Three Hundred and Fifty Dollars as payment in full on a three year ($35,000.00) contract and guarantee from Jan. 14th, 1905, to Jan. 14th, 1908.

Consolidated Adjustment Co.

Dated Jan. 14, 1905.        By T. Hopper, Treas. & Mgr."

Plaintiff delivered to defendant claims amounting to about $44,000 and received from the debtors direct about $450, but received nothing on such claims from the defendant.   May 27, 1908, plaintiff brought an action of contract in the Municipal Court to recover the initial fee of $350 paid by it to defendant under the contract.   At the close of plaintiff's evidence the court directed a verdict for the defendant and this writ of error brings before us for review the judgment for the defendant entered on such directed verdict.   The agreement of the defendant was not an absolute agreement to refund the initial fee of $350, in case it failed to collect $1,000 within three years, but was an alternative agreement in that case to either return the initial fee: "or to continue such service beyond the term first in this instrument mentioned, and until said last mentioned sum shall have been so recovered, without additional cost to the above client, except commissions on adjustments effected, on said claims or any additional claims in favor of said client, which may be forwarded." Where the promise is in the alternative, as in a certain contingency to do one thing or another, the right of election is in the promisor.   Meyer v. Gwinnell, 29 Vt. 298; Dessert v. Scott, 58 Wis. 390; 2 Chitty on Contracts, 1060; 2 Parsons on Contracts, 656.

There is no evidence tending to show that the defendant did not elect to continue the service under the contract, or that it did not, from the expiration of three years from the date of the contract, until the bringing of this action, continue such service.

We think that the evidence fails to show a right in the plaintiff to recover the initial fee paid by it to the defendant, and that the court did not err in directing a verdict for the defendant.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*