## Barstow Stove Company, Plaintiff in Error, v. Consolidated Adjustment Company, Defendant in Error.

### Gen. No. 16,676.

GUARANTY—*when collection contracts repudiated.* Where a collection company by contract guaranties to collect a certain proportion of old and outlawed claims listed with it within a certain time or to continue the service until the guaranty is collected or until they determine that an adjustment of the listed claims cannot be secured, and the company does not collect the guarantied amount but writes the creditor that the claims are uncollectible and that he should send claims not more than twelve months old so that the guarantied amount may be collected, the letter shows an election not to continue the service contracted for and an attempted repudiation of the contract, and the creditor may recover the amount of the guaranty less the maximum commission and the amount collected.

Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed. Opinion filed December 11, 1912. Rehearing denied December 26, 1912.

GARNETT & GARNETT, for plaintiff in error; HENRY R. PEEBLES, of counsel.

DELAVAN B. COLE, for defendant in error.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

July 9, 1909, plaintiff in error, Barstow Stove Company, sued Consolidated Adjustment Company in the Municipal Court of Chicago upon a certain contract of guaranty in an action of the fourth class. The trial was without a jury, and the court entered judgment against plaintiff in error for costs and in bar of the action. The contract sued on is the following:

"Series AAX.                                        No. 3532.
CONSOLIDATED ADJUSTMENT COMPANY.
79 Dearborn Street, Chicago.

Company's Interest

| | |
|---|---|
| Each Adjustment of over $100.00, 10 per cent. | On Current Claims, 7 per cent. |
| Each Adjustment of over $25.00 to $100. inclusive, 15 per cent. | Adjustment of Claims of every description anywhere. |
| Each Adjustment of $25.00 or less, 25 per cent. | Service to Regular Clients Only. |

"THIS CERTIFIES, That Barstow Stove Co. of Providence, R. I., hereinafter called Client, has invested with the CONSOLIDATED ADJUSTMENT COMPANY, HEREINAFTER CALLED Company, $367.41 for which said Company agrees to give said Client a three (3) year's service from this date, with all benefits and privileges of the business system of said Company in the prompt prosecution to a successful conclusion, and to the best ability of said Company, of all claims listed with it for adjustment under the terms of this contract.

"Said Company guarantees to recover, within the above mentioned period, in cash or secured net settlement, from the claims of above Client listed under this contract, at least Eleven Hundred twelve and 23/100 Dollars, or to refund in cash the full initial investment of said Client, expressly reserving the right to cancel this contract, refund the full investment made and surrender the claims listed hereunder at any time within six (6) months from the date hereof, or that it

will continue the service under this contract beyond the term first above mentioned, and until said last mentioned sum shall have been so recovered, or until said Company shall reasonably determine that an equitable adjustment of the claims listed hereunder cannot be secured; said continued service to be without additional investment by said Client, except the Company's acquired interest in adjustments effected on claims listed hereunder, or any additional current claims hereafter listed (not over twelve months old) not exceeding in amount............Dollars, in which said Company hereby acquires an interest of seven per centum in amounts recovered from such current claims.**********

"Client's Investment...............$   367.41
Amount contracted for...........$ 1,112.23
Claims forwarded.................$13,433.78
Service credit on.................$14,000.00
**************

"Received of Barstow Stove Co. ($367.41) Three hundred sixty-seven and 41/100 Dollars, as investment in full for a Three Year Service under above Contract.
                "CONSOLIDATED ADJUSTMENT COMPANY,
                        By F. H. McDonald,
                                Special Representative.
"Dated June 14, 1905
"The printed terms and conditions of this contract are not subject to any change or modification whatever."

The evidence for plaintiff in error is, in substance, that one Seabury, a representative of defendant in error, called upon plaintiff in error and solicited a contract with it for the collection of its delinquent and outlawed accounts. Mr. Saunders, secretary of plaintiff in error, told Seabury it had a list of accounts that had been worked on by one of the best collection agencies of New York. Saunders gave Seabury a list of his company's old accounts and later Seabury informed Saunders that the defendant in error had investigated the list of accounts and that in consideration of an advance of $367.41 the defendant in error would

guarantee to collect of said accounts $1,112.23. Afterwards, McDonald, special representative of defendant in error, met and told Mr. Barstow, president of plaintiff in error, that defendant in error had a peculiar ability to collect bankrupt accounts, and could collect accounts no matter how old, and that it had investigated all the accounts in the list of plaintiff in error. Plaintiff in error paid to defendant in error $367.41, and afterwards transcribed exactly, on printed forms furnished by McDonald, the list of claims given to Seabury, containing seventy-four accounts, aggregating $13,433.78, and sent the list to defendant in error. The evidence for plaintiff in error was to the effect that it had the privilege of sending to defendant in error other claims for collection, but did not send any other list; that defendant in error never repaid to plaintiff in error the $367.41 mentioned in the contract or any part of it, and never paid or collected any part of the $1,112.23 guaranteed in the contract, and that no effort was made by it to collect said guaranty so far as known to the officers of plaintiff in error; that $10 was paid to plaintiff in error on one of said accounts by the debtor, and that another account of $93.80 was paid by another debtor in commissions for orders taken for plaintiff in error; that on May 25, 1908, just prior to the three year period named in the contract, plaintiff in error received a letter from defendant in error, saying:

"We find that we will not be able to realize the full amount stipulated on the claims filed to date. This is due to the fact that many of the claims you have filed with us were against persons who were not to be found at nor traced from the addresses you gave us. Others are outlawed, and still others discharged in bankruptcy. We therefore inform you of our election to continue to give you our service as collectors beyond the three-year period mentioned in the contract. * * * Had the claims you have already filed with us been of the character and nature contemplated by the contract, undoubtedly we would have ere this

realized the amount proposed. You, of course, have other past due claims deserving of our attention, which we urge you to forward. Our agreement with you in the form of a printed contract provides for our service upon your entire collection business. * * * Then submit such business that we may be given every opportunity of as speedily as possible maturing our contract with you, by recovering from correct and justly due claims against persons of correct address the amount the contract provides for.''

The only evidence offered by defendant in error was the coupon detached from the said contract and signed by plaintiff in error and mailed to defendant in error, and the testimony of George M. Shower, ''that he wrote to the plaintiff the letter of May 25, 1908, and that the defendant never refused to render any service requested by the plaintiff after that letter was written.

The coupon reads as follows:

"Providence, R. I.
June 14, 1905.

''We have this day invested with your Mr. F. H. Mc-Donald $367.41 for a Three Year's Service Contract with Consolidated Adjustment Company, and agree to remit Company's acquired interest in adjustments effected according to printed terms of contract of even date.

"BARSTOW STOVE CO.
"J. P. Barstow, Treas.

"Amt. of Contract.................$27,433.78
Amt. Current Claims.............$13,433.78
Contract Guarantee...............$ 1,112.23
No. of Contract 3532.

''Business Mfgs. Cooking & Heating Apparatus.''

Conceding that the defendant in error had, as contended by it, the elections, (1) to refund in cash the initial investment and cancel the contract at any time in six months, and (2) to continue the service under the contract until the sum guaranteed should be collected, or until defendant in error determined that an adjustment of the claims listed could not be secured, defendant in error has not established any right to

defeat the suit of plaintiff in error. It elected not to cancel the contract, as is conceded, and hence that feature of the contract is out of the case. The evidence also amounts to a showing that it elected not to continue the service, and it did not continue the service under the second option at all. This is clear from the defendant in error's evidence. It contents itself by saying it did not refuse "to render any service requested by the plaintiff after that letter (of May 25, 1908) was written." The contract required it to collect at least the amount of the guaranty within the three year period *from the claims listed*, or to continue the service thereafter until the guaranty was collected, etc. There was no obligation on plaintiff in error to make any further request. The defendant in error was bound to do one of the two things, collect the guaranty, or continue the service. It did not do either one of the two things promised. It admittedly refused to do it. The letter spoken of clearly shows an election not to perform the latter option of continuing the service. It elects to do something instead thereof that it had no right to do under the contract, to collect the uncollected part of the guaranty out of other claims to be sent not over twelve months old, and which the plaintiff in error was not obligated by the contract to furnish. Both the contract and the evidence show that it was to be optional with plaintiff in error as to the listing of other claims, and if they had been listed that listing would in no way have released defendant in error of its obligation to collect the guaranty from the first claims listed, or to continue the service, etc., after the three years. The evidence simply shows an attempted repudiation of the contract on the part of defendant in error, and a failure to collect the guaranty, and an election not to avail itself of either option. Defendant in error's whole argument is answered by the fact that it never agreed to collect the guaranty out of $27,433.78 of claims, "the amount of the contract," as it contends, but out

of "the claims of above client listed under this contract," i. e., out of the $13,433.78 of claims listed and forwarded to it.  Defendant in error refers to the figures placed in the blanks under the signed coupon as evidence of this contention, but the coupon in express terms binds plaintiff in error to remit "Company's acquired interest in adjustments affected according to printed terms of the contract," signed by defendant in error.  Unfortunately for defendant in error's contention the blanks in that contract read that the "amount contracted for" is $1,112.23, and is the amount defendant in error contracted to be liable for, and the contract leaves it optional as to forwarding current claims by plaintiff in error, and upon which when forwarded defendant in error acquired "an interest of seven per cent. on amounts recovered by it."

Allowing defendant in error the maximum commission under the contract on $1,112.23, the amount guaranteed to be collected, plaintiff in error was entitled to judgment for $1,112.23, less $278.05, and also less the sum of $103.80, the amount collected on the claims listed by plaintiff in error, or $730.38.

We have been referred to other cases decided by appellate courts in this district as sustaining defendant in error's contentions, but on inspection those cases will be found to materially differ from this one in the provisions of the contract, and in the evidence. See Consolidated Adjustment Co. v. Kohler, No. 12,970; Consolidated Adjustment Co. v. Dodsan Plow Co., No. 13,697, neither of which appears to have been reported; also Hinrichs v. Consolidated Adjustment Co., 145 Ill. App. 8; Mound City Distilling Co. v. Id., 152 Ill. App. 155; and Standard Distilling Co. v. Id., 157 Ill. App. 215.

The judgment of the court is reversed, and judgment is entered in this court in favor of plaintiff in error against defendant in error in the sum of $730.38 and for all costs.

*Judgment reversed.*